UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

BRANDON JOHNSON,

    Defendant.

_____/

No. 20-cr-20587

Hon. Robert H. Cleland

## RULE 11 PLEA AGREEMENT

The United States of America and the defendant, BRANDON JOHNSON, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

1. **Counts of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Counts 1 and 2 of the Criminal Information. Count 1 charges the defendant with knowingly and willfully filing a false tax return in violation of 26 U.S.C. § 7206(1) for tax year 2014. Count 2 charges the defendant with knowingly and willfully filing a false tax return in violation of 26 U.S.C. § 7206(1) for tax year 2015.

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry no statutory minimum penalties and maximum statutory penalties as follows:

| Count 1 | Term of imprisonment: | 3 Years |
| --- | --- | --- |
| | Fine: | $250,000 |
| | Term of supervised release: | 1 Year |
| Count 2 | Term of imprisonment: | 3 Years |
| | Fine: | $250,000 |
| | Term of supervised release: | 1 Year |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this plea agreement, the government will agree not to prosecute defendant BRANDON JOHNSON for conduct relating to (1) his purchase of opioid drugs in 2017 and prior years using funds misappropriated from Company A; (2) his failure to report funds he misappropriated from Company A as income on his 2008-2015 tax returns; (3) his failure to timely file individual tax returns for 2016 and 2017; and (4) any incorrect corporate tax returns filed for 2017 and prior years for Company A. The agreement not to prosecute defendant BRANDON

- 2 -

JOHNSON for the conduct described in this paragraph is limited to conduct that is known to the government as of the date the guilty plea is entered.

4. **Elements of Offense**

   The elements of **Counts One and Two** are:

   A. The defendant made and subscribed a return, statement, or other document which was false as to a material matter;

   B. The return, statement, or other document contained a written declaration that it was made under the penalties of perjury;

   C. The defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and

   D. The defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

5. **Factual Basis for Guilty Plea**

   The following facts are a sufficient and accurate basis for Defendant's guilty plea(s):

   Defendant BRANDON JOHNSON was a resident of St. Clair Shores, Michigan. From 2007 through October 2017, Defendant was President of Company A, a building maintenance company, owned and operated by Defendant, and members of his family. From approximately 2008 through 2017, Defendant misappropriated funds from Company A to illegally purchase opioid drugs for personal use. Defendant issued checks from Company A payable to his opioid supplier or his opioid supplier's businesses and concealed the checks in Company A's records by making them appear to be written to legitimate vendors. Defendant understood his opioid purchases were personal in nature and not legitimate business

expenses. Defendant also understood that funds he took out of Company A by this means should have been reported as income on his individual tax returns.

Defendant BRANDON JOHNSON reported individual income and expenses on Form 1040, U.S. Individual Income Tax Returns. For the years 2014 and 2015, Defendant filed or caused his tax returns to be filed, under penalty of perjury, with the Internal Revenue Service (IRS). On each of those returns, Defendant failed to report as income the funds he misappropriated from Company A for personal use. Defendant understood that by failing to report the misappropriated funds as income, he caused his gross income on Forms 1040 to be understated, which in turn reduced his total tax owed. For 2014 and 2015, Defendant failed to report approximately $3,349,510 in income, resulting in an approximate total tax loss of $1,423,337 for those years.

Defendant BRANDON JOHNSON undertook all of these actions willfully, within the Eastern District of Michigan.

6. **Advice of Rights**

The defendant has read the Criminal Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

    D.    The right to an appointed attorney, if the defendant cannot afford to retain one;

    E.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    F.    The right to confront and cross-examine adverse witnesses at trial;

    G.    The right to testify or not to testify at trial, whichever the defendant chooses;

    H.    If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    I.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    J.    The right to compel the attendance of witnesses at trial.

7. **Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote,

right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

8. **Safety Valve**

The parties agree that the defendant is not eligible for the safety valve in 18 U.S.C. § 3553(f).

9. **Defendant's Guideline Range**

   **A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

   **B. Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct

inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Factual Stipulations For Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing a sentence:

> The tax loss in this case includes all tax loss related to defendant BRANDON JOHNSON'S failure to report the funds he misappropriated from Company A as income on his 2008 through 2015 federal tax returns. It also includes all tax loss resulting from defendant BRANDON JOHNSON'S failure to file 2016 and 2017 federal tax returns. The approximate total tax loss resulting from the defendant's overall course of conduct is $4,808,156.
>
> Furthermore, the defendant failed to report and failed to correctly identify the source of income exceeding $10,000 from criminal activity.

### D. Guidelines Recommendations

-7-

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

1. The defendant's sentencing guidelines range should be calculated based on a criminal tax loss of $4,808,156 pursuant to §§ 2T1.1(a) and 2T4.1 of the sentencing guidelines, resulting in a base offense level of 24 pursuant to § 2T4.1(J);

2. The defendant failed to report and failed to correctly identify the source of income exceeding $10,000 from criminal activity, which increases the offense level by two pursuant to § 2T1.1(b)(1);

3. Accordingly, the defendant's adjusted offense level is 26. After a two-level reduction under USSG § 3E1.1(a), and an additional one-level reduction under USSG § 3E1.1(b), the defendant's guidelines level is 23 corresponding to a term of imprisonment of **46-57 months** if the Court finds the defendant's Criminal History Category to be at Criminal History Category I.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the

- 8 -

guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in Paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

10. **Imposition of Sentence**

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The

government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. Thus, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is two years, one year per count. The defendant understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

1.  Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $4,808,156, pursuant to 18 U.S.C. § 3663(a)(3). Defendant agrees that the total amount of restitution reflected in this agreement results from

- 10 -

Defendant's fraudulent conduct. The total amount of restitution consists of the following:

| Tax Year | Amount to Be Credited to Tax |
|---|---|
| 2008 | $9,915 |
| 2009 | $84,840 |
| 2010 | $65,433 |
| 2011 | $176,285 |
| 2012 | $351,603 |
| 2013 | $572,980 |
| 2014 | $503,919 |
| 2015 | $811,886 |
| 2016 | $1,234,469 |
| 2017 | $996,826 |
| Total | **$4,808,156** |

2.  Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The government will provide an updated interest figure at sentencing.

3.  Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

4.  The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right

- 11 -

to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

5. Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.

6 Defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to any other time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

7. Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial

disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

8. If Defendant makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph.

9. Defendant agrees that he will sign IRS Form 870, Form 2504, or other appropriate form enabling the IRS to make an immediate assessment of the liability underlying the restitution agreed to above. Defendant agrees that he will not claim a refund of the payment or otherwise challenge the existence or amount of the tax liability underlying the restitution agreed to above. If the amount of restitution identified above has not already been reduced to account for any such payments, the government agrees that the amount of the restitution to be ordered by the Court shall be reduced by a payment made in conformity with this provision.

10. Defendant agrees that he is liable for the fraud penalty under 26 U.S.C. §§ 6663 or 6651(f) on the amount to be credited to tax set forth at paragraph 10.E.1. Defendant agrees to the immediate assessment of the fraud

penalty on the amount to be credited to tax set forth at paragraph 10.E.1 and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, the IRS form he agreed to sign in paragraph 10.E.9 will include the appropriate amount of the fraud penalty. Defendant agrees not to challenge or dispute any fraud penalties on the amount to be credited to tax set forth in paragraph 10.E.1.

11. Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

> United States District Court for the Eastern District of Michigan
> Clerk's Office
> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd, Room 599
> Detroit, MI 48226

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Defendant will provide the following information:

> A. Defendant's name and Social Security Number;
>
> B. The District Court and the docket number assigned to this case;
>
> C. Tax years for which restitution has been ordered; and
>
> D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

> IRS-RACS

- 14 -

>Attn: Mail Stop 6261, Restitution
>333 W. Pershing Ave.
>Kansas City, MO 64108

Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

>IRS-RACS
>Attn: Mail Stop 6261, Restitution
>333 W. Pershing Ave.
>Kansas City, MO 64108

### F. Special Assessment

Defendant will pay special assessments totaling **$200** and must provide the government with a receipt for payment before sentence is imposed.

## 11. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files

a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

13. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

14. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his

guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

15. **Parties to Plea Agreement**

This agreement does not bind any government agency except the Tax Division of the United States Department of Justice and the United States Attorney's Office for the Eastern District of Michigan.

16. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

17. **Acceptance of Agreement by Defendant**

This plea offer expires unless this plea agreement has been received, fully signed, by the Tax Division by 5:00 P.M. on **January 30, 2021**. The government reserves the right to modify or revoke this offer at any time before the plea agreement is accepted.

RICHARD E. ZUCKERMAN
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

MATTHEW SCHNEIDER
United States Attorney
U.S. Attorney's Office for the Eastern District of Michigan

_____
JEFFREY A. MCLELLAN
SAM BEAN
Trial Attorneys
Department of Justice, Tax Division

Date: 7 January 2021

By signing below, Defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his attorney, and has had all of his questions answered by his attorney.

_____
ERIC NEMETH
Attorney for Defendant

_____
BRANDON JOHNSON
Defendant

Date: JAN 7, 2021